UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT DAVIS, *et al.*, | ) |
|                 Plaintiffs, | ) |
| | )    No. 1:20-cv-915 |
| -v- | ) |
| | )    Honorable Paul L. Maloney |
| JOCELYN BENSON, *et al.*, | ) |
|                 Defendants. | ) |
| | ) |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs' lawsuit raises claims concerning the counting of mail-in ballots for the November 3, 2020, election. Plaintiffs filed a second motion for a temporary restraining order (TRO) or, alternatively, for a preliminary injunction. (ECF No. 39.) In the first motion, Plaintiffs requested ex parte emergency relief for Count IV, which this Court denied. In this motion, Plaintiffs request ex parte emergency relief for Count V.

Counts IV and V in Plaintiffs' complaint both arise from the event, an order issued by Michigan Court of Claims which directed the Secretary of State, in part, to continue counting mail-in absentee ballots after 8 p.m. on November 3, under certain circumstances. Plaintiffs raised a substantive due process claim in Count IV and an equal protection claim in Count V.

The Court **DENIES** Plaintiffs' request for a temporary restraining order (ECF No. 39) based on Count V of the amended complaint. In the earlier order denying a motion for a TRO, the Court concluded that Plaintiffs had not established an immediate and irreparable injury that would result to the moving party before the adverse party can be heard in

opposition. *See* Fed. R. Civ. P. 65(b)(1)(A). The Court reaches the same conclusion here. In this motion, Plaintiff Davis asserts that he has already submitted an absentee ballot. He asserts irreparable injury because, under the order issued by the Michigan Court of Claims, his absentee ballot will be treated differently than other absentee ballots. Assuming for the sake of argument only that Davis is correct, the asserted irreparable harm will not occur until *after* 8:00 p.m. on November 3. This conclusion is reinforced by the relief Plaintiffs seek. They want an injunction that would prevent the Secretary of State from enforcing the order issued by the Michigan Court of Claims. An appeal of that order is presently pending in the Michigan Court of Appeals, Case No. 354993.

The Court has already scheduled a hearing for a preliminary injunction concerning Plaintiff's Count IV, before November 3. The Court is considering whether to hear argument on this motion at the same hearing or whether a separate hearing should occur. A briefing schedule and notice will issue later.

    IT IS SO ORDERED.

Date: October 9, 2020             /s/ Paul L. Maloney  
                                                                             Paul L. Maloney  
                                                                             United States District Judge