UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT DAVIS, *et al.*, | ) | |
| Plaintiffs, | ) | |
| | ) | No. 1:20-cv-915 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| JOCELYN BENSON, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs' lawsuit raises claims concerning absentee ballots for the November 3, 2020, election. Plaintiffs request a preliminary injunction against Defendant Jocelyn Benson for Count IV of their complaint. (ECF No. 25.) In Count IV, Plaintiffs contend that an order issued by Michigan Court of Claims which directed the Secretary of State, in part, to continue counting mail-in absentee ballots received after 8 p.m. on November 3 violates their rights to substantive due process. Plaintiffs reason that the late absentee ballots dilute their lawfully cast votes. On Friday, October 16, 2020, the Michigan Court of Appeals vacated the injunction issued by the Michigan Court of Claims.

I.

As part of their response, Defendants argue Plaintiffs lack standing for their Count IV. In the amended complaint (ECF No. 24), Plaintiffs assert that the state court injunction and Benson's policy "would result in the dilution of Plaintiffs' lawfully cast votes." (Compl. ¶ 105.) Plaintiffs repeat this dilution theory in several paragraphs. (*Id.* ¶¶ 123-27.)

To bring a claim in federal court, a plaintiff must have "a personal stake in the outcome," "distinct from a 'generally available grievance about government.'" *Gill v. Whitford*, 138 S. Ct. 1916, 1923 (2018) (citations omitted). Courts refer to this personalized involvement in the dispute as standing, which imposes on all plaintiffs the burden to show (1) an injury in fact (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that it is likely to be redressed by a favorable judicial decision. *Id.* at 1929. For the injury in fact element, plaintiffs must demonstrate "'the invasion of a legally protected interest' that is 'concrete and particularized,' *i.e.*, which 'affect[s] the plaintiff in a personal and individualized way.'" *Id.* (quoting *Lujan v. Defendants of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). The Supreme Court has "repeatedly refused to recognize a general grievance against allegedly illegal government conduct as sufficient for standing to invoke the federal judicial power." *United States v. Hays*, 515 U.S. 737, 743 (1995). The Sixth Circuit recently explained the significance of standing in the context of a request for a preliminary injunction in an election challenge lawsuit. "[A] 'party who fails to show a substantial likelihood of standing is not entitled to a preliminary injunction.' 'However, an inability to establish a substantial likelihood of standing requires denial of the motion for preliminary injunction, not dismissal of the case.'" *Memphis A. Phillip Inst. v. Hargett*, —F.3d—, 2020 WL 6074331, at *4 (6th Cir. Oct. 15, 2020) (internal citation and citation omitted).

The United States Supreme Court has "long recognized that a person's right to vote is 'individual and personal in nature.'" *Gill*, 138 S. Ct. at 1923 (quoting *Reynolds v. Sims*, 377 U.S. 533, 561 (1964)). The Court has found that vote dilution implicates the principle of one person - one vote, which the Court has interpreted as requiring, "'as nearly as is

practicable [that] one man's vote in a congressional election is to be worth as much as another's.'" *Hadley v. Junior Coll. Dist. of Metro. Kansas City, Missouri*, 397 U.S. 50, 52 (1970) (quoting *Wesberry v. Sanders*, 376 U.S. 1, 7-8 (1964)). The constitutional principle applies without regard to the election.

> When a court is asked to decide whether a State is required by the Constitution to give each qualified voter the same power in an election open to all, there is no discernible, valid reason why constitutional distinctions should be drawn on the basis of the purpose of the election. If one person's vote is given less weight through unequal apportionment, his right to equal voting participation is impaired just as much as when he votes for a school board member as when he votes for a state legislator. While there are differences in the powers of the different officials, the crucial consideration is the right of each qualified voter to participate in an equal footing in the election process.

*Id.* at 54-55.

Standing based on a theory of vote dilution typically arises in situations where the plaintiffs raise equal protection claims or claims under the Voting Rights Act, often these lawsuits challenge gerrymandered voting district. In gerrymandering cases, the dilution of votes constitutes an "injury that is district specific" and the remedy would be the revision of that individual's district boundaries. *Gill*, 138 S. Ct. at 1930. For vote dilution in gerrymandering cases, a vote in a "packed or cracked" district "carry less weight than it would in another, hypothetical district." *Id.* at 1931. And, the remedy would not require restructuring of all of a State's legislative districts. *Id.* In contrast to gerrymandering cases, most courts that have considered vote dilution injuries arising in situations where unlawful or illegal ballots are counted (without considerations of geography or race) have found that the injury is too general and not personal. *See Moore v. Circosta*, No. 1:20cv911, 2020 WL 6063332, at *14 (M.D.N.C. Oct. 14, 2020) (Osteen, D.J.) (collecting cases).

Plaintiffs' theory for standing (dilution) and the nature of their claim presents a logical disconnect. Plaintiffs allege, in Count IV, that Defendant Benson's policy and the State Court's injunction constitutes the sort of fundamental unfairness that violates their substantive due process rights. "Several appellate courts . . . have held that an election is a denial of substantive due process if it is conducted in a manner that is fundamentally unfair." *Bennett v. Yoshina*, 140 F.3d 1218, 1226 (9th Cir. 1998). Reviewing relevant opinions, the Ninth Circuit held that a substantive due process challenge for an election requires the plaintiff to show (1) a likely reliance by voters on an established election procedure and/or official pronouncements about what the procedure will be in the coming election and (2) significant *disenfranchisement* that results from a change in the election procedures. *Id.* at 1226-27 (emphasis added); *see Partido Nuevo Progresista v. Barreto Perez*, 639 F.2d 825, 828 (1st Cir. 1980) (distinguishing between election challenges to additional votes which dilute the votes of others from election challenges to the exclusion of votes which disenfranchise voters). Although the Sixth Circuit has not announced any multi-factor test for an election-based substantive due process claim, it has held that the "Due Process Clause is implicated, and § 1983 relief is appropriate, in the exceptional case were a state's voting system is fundamentally unfair." *League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 478 (6th Cir. 2008) (describing how, if true, the allegations would establish substantial disenfranchisement of voters).

This Court must acknowledge that the Eighth Circuit has suggested that a substantive due process claim can be brought in fraudulent ballot stuffing situations. *See Nolles v. State Comm. For Reorganization of Sch. Dists.*, 524 F.3d 892, 898-99 (8th Cir. 2008). The nature

of a civil action for fraudulent ballot stuffing remains unclear as *Nolles* cited a criminal action as authority. *Id.* at 899 (citing *United States v. Saylor*, 322 U.S. 385, 388-89 (1944)). And, in *Nolles*, the Eighth Circuit concluded that the plaintiffs lacked standing. *Nolles*, 524 F.3d at 900 ("The Plaintiffs in this case are attempting to bring a generalized grievance shared in common by all voters in Nebraska who voted to repeal LB 126. Because they have not asserted a personalized injury, they lack standing to assert a violation of substantive due process under the Fourteenth Amendment.").

## II.

The Court concludes Plaintiffs have not established a personal and individualized injury and, therefore, have not demonstrated standing to raise a substantive due process claim. Plaintiffs have identified a general grievance that would apply to all individuals who lawfully cast a ballot in the November 3, 2020, general election.

Following the guidance in *Hargett*, the Court **DENIES** Plaintiffs' motion for a preliminary injunction. (ECF No. 25.)

**IT IS SO ORDERED.**

Date: October 20, 2020                  /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge