UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS, *et al.*,  )
          Plaintiffs,  )
    )  No. 1:20-cv-915
-v-  )
    )  Honorable Paul L. Maloney
JOCELYN BENSON, *et al.*,  )
          Defendants.  )
    )

## ORDER DENYING EMERGENCY MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT III AND DISMISSING COUNT III

Plaintiffs filed an emergency motion for summary judgment for Count III. (ECF No. 27.) The Court will deny the motion and will dismiss the claim.

In Count III, Plaintiffs raise a claim under State law and request declaratory relief and injunctive relief. Plaintiffs rely on this Court's supplemental jurisdiction under 28 U.S.C. § 1367. Plaintiffs contend that Defendant Winfrey and Defendant Detroit Department of Elections lack statutory authority to mass mail unsolicited absentee voter applications to the registered voters in the City of Detroit for the November 3, 2020, general election and for any future election. According to Plaintiffs, in a secret meeting, Benson advised Winfrey that Winfrey could mass mail the applications. (ECF No. 24 Compl. ¶ 30 PageID.255.) Then, "complying with the directive and advice given by" Benson, the City Defendants "unlawfully mass mailed absentee voter applications to registered voters in the City of Detroit for the impending November 3, 2020 presidential election." (*Id.* ¶ 31 PageID.255.) "Plaintiffs believe that the City of Detroit Defendants will continue to mass mail unsolicited

absentee voter applications to registered voters in the City of Detroit through September 29, 2020." (ECF No. 24 Compl. ¶ 100 PageID.276.)

First, the Court declines to make any declaration concerning Michigan law and the mailing of absentee ballots through September 29, 2020. "The distinction between past and ongoing future harms is significant because the type of harm affects the type of relief available. Past harm allows a plaintiff to seek damages, but it does not entitle a plaintiff to seek injunctive or declaratory relief." *Kanuszewski v. Michigan Dept. of Health & Human Servs.*, 927 F.3d 396, 406 (6th Cir. 2019). That a harm occurred in the past does not "'establish a real and immediate threat that' it will occur in the future, as is required for injunctive relief" and for declaratory relief. *Id.* (citation omitted).

Second, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' claim for declaratory and injunctive relief based on State law and concerning future mass mailings of unsolicited absentee ballot applications in other elections. Decisions concerning the exercise of pendant or supplemental jurisdiction fall within this Court's discretion. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Where concerns of judicial economy, convenience and fairness to the litigants are not present, federal courts "should hesitate to exercise jurisdiction over state claims[.]" *Id.* The other claims presented in this lawsuit concern constitutional injuries related the mailing of absentee ballot applications for use in the November 3 election.

Finally, Plaintiffs raise an argument in their reply brief that establishes another basis for the Court to decline to exercise jurisdiction over claims for future injunctive relief based on state law. As Plaintiffs note, the permanent injunction issued in *Taylor v. Currie*, 743

2

N.W.2d 571 (Mich. Ct. App. 2007) likely applies to the City Defendants. Accordingly, Plaintiffs should seek enforcement of that injunction in the court that issued that injunction. See *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 332 (6th Cir. 1998).

For these reasons, the Court **DENIES** Plaintiffs' Emergency Motion for Partial Summary Judgment for Count III. (ECF No. 27.) Count III, and all of the relief requested, is **DISMISSED WITHOUT PREJUDICE. IT IS SO ORDERED.**

Date:  October 30, 2020                             /s/ Paul L. Maloney
                                                                                     Paul L. Maloney
                                                                                     United States District Judge